# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**LENA M. GEORGE**                                                                     **PLAINTIFF**

v.                                            **CASE NO. 4:08CV00319 BD**

**MICHAEL J. ASTRUE, Commissioner,**
**Social Security Administration**                                                      **DEFENDANT**

## MEMORANDUM AND ORDER

Plaintiff, Lena M. George, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

---

[1]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #4)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by mild mental retardation, heart murmur, neurofibromatosis,[2] and foot and arm pain.  The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and her great-great aunt testified,[3] the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through December 13, 2007, the date of his decision.  (Tr. 52-53)  On February 13, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 2-4)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

---

[2] An autosomal dominant disorder producing tumors along the course of nerves and occasionally resulting in marked soft tissue or bony deformity.  The Merck Manual 2377 (18th ed. 2006).

[3] The ALJ also submitted interrogatories to a vocational expert.  (Tr. 269-75)

After considering the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 31 years old at the time of the hearing.  (Tr. 11, 15)  She completed the twelfth grade in school in special education classes.  (Tr. 15, 120, 153)  She had past relevant work as a grill cook, prep cook, fast-food-restaurant crew worker, a grocery delicatessen worker, and a recreational center cleaner.  (Tr. 51, 134-35, 141-45, 149-50)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work.  If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied.  20 C.F.R.  §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

The ALJ noted that Plaintiff had previously filed applications that were denied initially and not appealed; he found no reason to reopen those applications.  (Tr. 43-44)  He found Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 45)  He found that Plaintiff had a "severe" impairment, mild mental retardation.  (Tr. 46)  He found that she did not have an impairment or combination of impairments that met or equaled a Listing.  *Id.*  He judged that Plaintiff's allegations regarding her limitations were not totally credible.  (Tr. 50)

The ALJ found that Plaintiff retained the residual functional capacity for work at all exertional levels, but had moderate mental nonexertional limitations in her ability to

3

understand, remember and carry out complex instructions, to make judgments on complex work-related decisions, to interact appropriately with co-workers and supervisors and to respond appropriately to usual work situations and routine work changes.  (Tr. 48)  He determined that she was unable to perform any of her past relevant work.  (Tr. 51)  Based on the answers to the interrogatories by the vocational expert, the ALJ determined that there was other jobs existing in the national economy that Plaintiff could perform notwithstanding her limitations, for example, small production-machine operator, small product assembler, and food order clerk.  (Tr. 52)  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

The ALJ did not expressly acknowledge the shift in the burden,[4] and that failure constitutes reversible error unless all of the evidence is so strongly against Plaintiff's position that a proper allocation of the burden would not have changed the outcome. *Roberts v. Apfel*, 222 F.3d 466, 471 (8th Cir. 2000); *Pope v. Bowen*, 886 F.2d 1038, 1040 (8th Cir. 1989).  The evidence in this case is not so strongly against Plaintiff's position that a proper allocation of the burden would not have changed the outcome.

In addition, in making his credibility determination, the ALJ relied "primarily" on a global assessment of functioning score of 65[5] that was assigned by a psychologist who

---

[4] Plaintiff bears the burden of proving disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995).  Although the ultimate burden of persuasion does not shift, the burden of production shifts to the Commissioner if Plaintiff is unable to perform her past relevant work.  *Id.*; accord, *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

[5] A GAF of 61-70 reflects:

> Some mild symptoms (*e.g.*, depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (*e.g.*, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.

Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., Text Revision 2000) (DSM-IV-TR).  A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning."  *Id.* at 32.

assessed Plaintiff in 2003.  (Tr. 46, 281)  The ALJ placed too much emphasis on this isolated

portion of the doctor's diagnostic impression.  The DSM-IV-TR cautions non-clinical

decision makers:

> DSM-IV is a classification of mental disorders that was developed for use in
> clinical, educational, and research settings.  The diagnostic categories, criteria,
> and textual descriptions are meant to be employed by individuals with
> appropriate clinical training and experience in diagnosis.  It is important that
> DSM-IV not be applied mechanically by untrained individuals.  The specific
> diagnostic criteria included in DSM-IV are meant to serve as guidelines to be
> informed by clinical judgment and are not meant to be used in a cookbook
> fashion.

*Id.* at xxxii.  A GAF score does not directly correlate to the severity requirements in Social

Security mental disorders listings. 65 Fed.Reg. 50746, 50764-65 (2000).

Based on these errors and the record as a whole, the Court finds that the ALJ's

decision is not supported by substantial evidence.  Therefore, the ruling of the Commissioner

must be reversed and the matter remanded for a re-evaluation of Plaintiff's complaints.

Accordingly, the Commissioner's decision is reversed and remanded for action

consistent with this opinion.  This is a "sentence four" remand within the meaning of 42

U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 17th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE